Argued March 14, affirmed March 27, rehearing denied April 17, 1917.

## TODD v. CORMIER, MAYOR.

(163 Pac. 974.)

**Municipal Corporations — Disbursement of Funds — Warrants — Necessity of Mayor's Signature.**

1. Where a city charter authorized the recorder to draw a warrant on the treasurer for the amount ordered paid, and directed the treasurer to pay out moneys on warrants signed by the recorder, the mayor's signature was not necessary to the validity of such a warrant although a prior ordinance had required his signature and the charter provided that ordinances then existing and not inconsistent with it should be continued.

**Municipal Corporations—Employment of Attorneys—Compensation—Ordinances—Construction—"Extraordinary Services."**

2. Where an ordinance authorized employment of an attorney at an annual salary of three hundred dollars, "in full for all general services rendered by him as counsel for city officers, and prosecuting all cases in city courts," but provided that the council may allow him such other sums as reasonable for extraordinary services, litigation in state or other outside courts, and necessary business trips outside the city, the words "extraordinary services" include extra services in preparing bonds for the city.

From Linn: WILLIAM GALLOWAY, Judge.

Department 1.   Statement by MR. JUSTICE HARRIS.

The plaintiff Alfred Todd appealed from a judgment quashing an alternative writ of *mandamus* which directed the defendant Dennis Cormier as mayor of the City of Lebanon either to sign a warrant for $75 on the city treasurer or to show cause for not signing it. Alfred Todd, who was city attorney, rendered legal services to the City of Lebanon in connection with the issuance of $10,000 of street improvement bonds and $42,000 of refunding bonds; and he also advised and assisted in the preparation of certain necessary transcripts of the proceedings authorizing the bonds. In April, 1915, the plaintiff presented a bill to the city council containing a charge of $25 for "extra services"

rendered in the issuance of the street improvement bonds and another item of $50 for "extra services in refunding bond matter." The bill was allowed by the council and the recorder then drew, signed and delivered to the plaintiff, a warrant on the city treasurer for the sum of $75 payable to the order of Alfred Todd. The plaintiff then presented the warrant to the defendant and requested that he sign it as mayor, but the latter refused to do so, and this proceeding was then commenced for the purpose of compelling the defendant to sign the warrant.

The answer to the writ contains two defenses: (1) That the mayor is not required to sign warrants on the city treasurer; and (2) that the warrant was illegal for the reason that the annual salary paid to the city attorney was full payment for the services rendered by the plaintiff and the council was without authority to allow any compensation in addition to the amount of the annual salary.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Dan Johnston.*

For respondent there was a brief and an oral argument by *Mr. N. M. Newport.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The plaintiff is attempting to compel the defendant to sign the warrant on the theory that the signature of the mayor is essential to give it validity. If, however, it is not necessary for the mayor to sign city warrants and if the city treasurer is authorized to accept and pay warrants which are signed by the recorder

only, then the plaintiff is not entitled to a peremptory writ. The plaintiff argues that an ordinance passed in 1891 requires the mayor to sign warrants on the treasurer, while the defendant contends that the charter adopted by the legal voters in 1913 contemplates that none but the recorder shall sign warrants.

The ordinance of 1891 declares that the treasurer "shall pay no funds out of the city treasury except on orders drawn by the city recorder therefor, under the order of the council, signed by the mayor and recorder."

The pleadings admit the adoption of the 1913 charter and the copy received in evidence was admitted by both parties to be "the charter under which the city of Lebanon is now acting and was at all times mentioned in the petition and writ." An examination of the charter will make it clear that the mayor need not countersign warrants on the city treasurer. When the council orders an account or demand to be paid the recorder must by the terms of Section 150 of the charter "draw a warrant on the treasurer for the amount ordered paid"; and Section 154 directs the treasurer to pay out moneys "upon warrants signed by the recorder." Nowhere does the charter contain any provision making it the duty of the mayor to sign warrants. It is true that by Section 55 all ordinances existing at the time of the adoption of the charter and not inconsistent with it are preserved and continued, and that in addition to the duties expressly imposed by the charter, the mayor shall, under the terms of Section 137, "perform such other duties * * as may be prescribed by * * any city ordinance not inconsistent" with the charter.

Turning again to Section 154 the charter directs the treasurer to pay out moneys "upon warrants signed

by the recorder." The language used in Section 154 is only one way of saying that the warrant need not be signed by any other officer. Naming the recorder and omitting all others amounts to a statement that no officer except the recorder need sign a warrant and therefore any ordinance that requires the mayor to do what the charter says need not be done is inconsistent with the charter. In effect, the charter says that the mayor is not required to sign warrants; in effect, the ordinance of 1891 requires the mayor to sign all warrants, because the treasurer is prohibited from paying any warrant unless it is signed by both the mayor and recorder; and consequently the ordinance of 1891 is inconsistent with the charter of 1913 and the former must succumb to the latter. The mayor is not required to countersign warrants on the treasurer.

2. While it is not necessary to a decision of the instant case nevertheless we offer the suggestion that the defendant is placing an exceedingly narrow construction on the ordinance of 1915 which fixes $300 as the annual salary of the city attorney and declares that this amount shall be

"in full for all general services rendered by him to the city as counsel for the city officers, and prosecuting all cases in the city courts; provided, however, that the council may allow such other sums as shall be reasonable for extraordinary services, litigation in state or other outside courts, and necessary business trips outside the city."

The contention of the defendant is that the words "extraordinary services" do not include anything more than "litigation in state or other outside courts, and necessary business trips outside the city." Viewing the section in its entirety and giving effect to all the words found in the section would indicate that the

ordinance contemplates that the words "extraordinary services" are not confined and limited to "litigation in state or other outside courts and necessary business trips outside the city." If the contention of the defendant is correct then it was an inexcusable waste of language to employ the words "extraordinary services." One of the accepted canons of construction requires that some meaning, if possible, be given to all the words of an ordinance.

The plaintiff is not entitled to a writ commanding the mayor to sign the warrant held by the plaintiff and the judgment is therefore affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE BURNETT concur.